IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Carrie Mae Rivers, | ) | Civil Action No.: 9:12-2558-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Carrie Mae Rivers ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income Benefits (SSI) under the Social Security Act. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On November 15, 2013, the Magistrate Judge issued a detailed and comprehensive Report and Recommendation in which he determined that the Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Plaintiff filed objections on December 5, 2013 (ECF No. 21), and the Commissioner filed a Response to Plaintiff's objections on December 19, 2012. (ECF No. 23.) For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.  Plaintiff filed her initial application for SSI on June 21, 2007, alleging a disability onset date of August 25, 2006, due to musculoskeletal impairment and obesity.  Her claim was denied initially and upon reconsideration.  Plaintiff requested and was granted a hearing.  At the November 10, 2009, hearing Plaintiff appeared and testified.  A vocational expert ("VE"), Dr. David Staten ("VE Staten") also appeared and testified.  In a decision dated December 1, 2009, the ALJ denied Plaintiff's request for benefits finding that Plaintiff retained the functional capacity (RFC) to perform a restricted range of sedentary work.  (Tr. at. 53-62.)  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's determination the final decision of the Commissioner.  (Tr. at 68-70.)  The Commissioner's finding that Plaintiff's impairments were not disabling through December 1, 2009, is binding on this Court as Plaintiff did not appeal the Commissioner's decision.  *See Hughes v. Carter*, No. 95-3022, 1997 WL at *1 (4th Cir. June 5, 1997); 20 C.F.R. §§ 404.981, 422.2210.

On December 10, 2009, Plaintiff filed a second action seeking SSI once again, alleging a disability onset date of August 25, 2006.  (Tr. at 130-131.)  Plaintiff alleges disabilities due to scoliosis, arthritis, sciatic nerve damage and a bulging disc and has past relevant work experience as a clothing sorter, a cook/waitress, a custodian and a daycare worker.  (Tr. at 148 & 150.)  Plaintiff's second application was denied initially and upon reconsideration.  Plaintiff requested a hearing which was held on March 1, 2011, wherein Plaintiff amended her disability onset date to December 2, 2009, which was one day after the day the ALJ in the first action determined that

Plaintiff was not disabled. (Tr. at 22-49.) Plaintiff appeared and testified at the hearing as did VE Carroll H. Crawford ("VE Crawford"). On April 8, 2011, the ALJ denied Plaintiff's request for benefits finding that Plaintiff was not under a disability as defined in the Social Security Act, since December 10, 2009, the date the application was filed. (Tr. At 17.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. On September 5, 2012, Plaintiff filed this action alleging that the Commissioner's decision was not supported by substantial evidence. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

In the Report and Recommendation, Magistrate Judge Bristow Marchant considered and evaluated the arguments that Plaintiff set forth in her principal brief. Setting out applicable legal standards and applying them to the record evidence, the Magistrate Judge recommends affirming the Commissioner's decision, concluding that the ALJ and the Appeals Council committed no reversible error and that substantial evidence supports the Commissioner's decision. (ECF No. 19 at 18.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual and legal conclusions of the Magistrate Judge as to those portions of the report and recommendation to which no objection

are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends

on whether or not objections have been filed in either case, the Court is free, after review, to accept,

reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing

Auth. Of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

### III. PARTIES RESPONSE

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on

December 5, 2013. (ECF No. 21). Plaintiff once again contests the ALJ's findings as to: (1)

determining Plaintiff's Residual Functional Capacity ("RFC"); (2) her failure to find that Plaintiff's

condition had worsened; and (3) her failure to properly evaluate Plaintiff's credibility. The

Commissioner filed a response to Plaintiff's objections and asks that the Magistrate Judge's Report

and Recommendation be adopted and that the Commissioner's decision be affirmed. (ECF No. 23

at 1.) The Court notes that Plaintiff's objections primarily rehash the arguments that she raised in

her brief that were properly addressed by the Magistrate Judge. In light of Plaintiff's objections, the

Court must conduct a *de novo* review of the Magistrate Judge's Report and Recommendation. And,

after such review, the Court finds the Magistrate Judge's recommendation to be proper.

### IV.  DISCUSSION

**A. Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Social

Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the

Commissioner's decision is supported by substantial evidence and whether the correct law was

applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any

fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d

4

980,

982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek,* 438 F.2d at 1157-58.

## B. RFC

Plaintiff first contends that the ALJ erred in determining Plaintiff's RFC. At step five of the sequential evaluation process, the ALJ determined that Plaintiff had the RFC to perform sedentary

work as defined in 20 CFR 416.967(a) with the following additional limitation: having a sit-stand option at will; no climbing of ladders, ropes, or scaffolds; occasionally climbing ramps and stairs; occasionally stooping, crawling, and balancing; and avoiding concentrated exposure to hazards, such as moving machinery and unprotected heights. (Tr. at 13.) Plaintiff argues that the ALJ improperly relied upon testimony from the VE Staten from the 2009 decision in determining that there was work that Plaintiff could perform with these limitations. Without citing any authority, Plaintiff asserts that the ALJ should have found Plaintiff disabled at step five based upon the VE's testimony from the 2011 hearing who testified that there were no jobs that Plaintiff could perform with these same limitations.

At the outset, the Court notes that Plaintiff's arguments in support of her first objection are essentially the same arguments that the Magistrate Judge considered and rejected. The Report and Recommendation indicates that the ALJ gave full weight to the December 2009 decision and that Plaintiff offered no evidence to contradict the ALJ's finding in that decision. (ECF No. 19 at 14-15.) The Report and Recommendation also indicates that the 2009 decision has not been re-opened. *Id* at 15. As such, the Report and Recommendation states that the 2009 decision is entitled to *res judicata* effect. *Id.* at 16. Further, the Report and Recommendation sets forth that the ALJ properly relied on the 2009 decision in making her determination in this matter, as there was no dispute in the record before this Court as to what VE Staten's testimony was from the 2009 hearing. *Id.* at 16. Although, the Report and Recommendation acknowledges that it may have been preferable to have the transcript of the prior hearing for the Court to review, the Magistrate Judge concluded that the "VE's findings and conclusions are clearly set forth in the prior decision the fact that the transcript from the previous decision was not before the ALJ in this case is not in and of itself a basis for

6

reversal under the facts of this case." *Id.* at 19. Finally, the Magistrate Judge indicated that it was not reversible error for the ALJ to rely on VE Staten's opinion from the prior decision that Plaintiff could perform the jobs identified, and reject VE Crawford's opinion from the 2011 hearing since there is no evidence of a violation of SSR 00-4p. (ECF No. 19 at 17.) *See Hughes v. Carter*, No. 95-3033, 1997 WL 363231 at * 1 (4th Cir. June 5, 1997) (Plaintiff cannot obtain a reversal of the decision through mere speculation that a copy of the transcript from Plaintiff's previous case might contradict the previous ALJ's order, an order and decision that is binding on this Court.) Upon review, the Court finds that the applicable law is correctly summarized in the Report and Recommendation and that the Magistrate Judge was correct to conclude that the ALJ committed no reversible error in relying on the opinion of VE Staten from the 2009 hearing to find that there were jobs Plaintiff could perform with her limitations. *Wolfe v. Commissioner*, 86 F.3d 1072, 1079 (11th Cir. 1996) (holding that ALJ's reliance on VE's testimony from two prior hearings was "appropriate."); *Paulson v. Astrue*, 368 Fed. Appx. 758, 760 (9th Cir. 2010) (ALJ did not err by relying on VE expert from prior hearing before different ALJ); *Melton ex rel. Est. of Melton v. Commissioner*, No. 98-5671, 1999 WL 232700 at *5 (6th Cir. Apr. 12, 1999) (where there is a conflict between VEs, an ALJ may rely on testimony of any VE who applied proper legal standard). As such Plaintiff's arguments lack merit, and her objection is overruled.

## C. Worsening Condition

Plaintiff next contends that the ALJ erred in failing to find that Plaintiff's condition worsened because she did not discuss any conditions prior to December 1, 2009, and did not explain why she found there was no change in Plaintiff's condition from the December 1, 2009, decision to the current decision. (ECF No. 6, Tr. 15.)

In response to Plaintiff's contention, the Commissioner asserts that the ALJ considered the findings from the 2009 decision and gave such findings appropriate weight in accordance with Acquiescence Ruling ("AR") 00-1(4) and *Albright v. SSA*, 174 F.3d 473 (4th Cir. 1999), and *Lively v. Sec. of HHS*, 820 F.2d 1391 (4th Cir. 1987). AR 00–1(4) address the effect of prior disability findings on the adjudication of a subsequent disability claim. In *Albright*, (*interpreting Lively v. Sec. of Health and Human Servs.*), the Fourth Circuit determined that *res judicata* applies to Social Security disability cases.

The Magistrate Judge indicates that the ALJ referenced the medical records during the relevant time period and that the records did not show a "significant deterioration in her condition." (ECF No. 19 at 9 & 10.) *See Orrick v. Sullivan*, 966 F.2d 368, 370 (8thCir. 1992) [absent showing of significant worsening of condition, ability to work with impairment detracts from finding of disability]. Rather, there was no evidence that Plaintiff suddenly became disabled on the day following the denial of her first application for benefits or that her condition worsened to the point of her becoming disabled. The ALJ specifically noted that she considered the opinion of Dr. Temisan Etikerentse, which was the only medical opinion regarding Plaintiff's functional limitations. (Tr. at 15.) The ALJ gave great weight to Dr. Etikerentse's opinion that Plaintiff would have problems with prolonged standing, bending, and stooping which was consistent with Plaintiff's RFC for a limited range of sedentary work. *Id.* Likewise, the record reflects that the ALJ considered the MRI highlighted in Plaintiff's objections prior to concluding that Plaintiff's condition had not worsened. The ALJ's review of the medical evidence of record, including the records from the previously adjudicated period, demonstrates that she complied with AR 00-1(4) and *Albright*. As such, this Court agrees with the Magistrate Judge's finding that the record does not reflect a

worsening of Plaintiff's condition and that substantial evidence supports the Commissioner's decision in this matter.  (ECF No. 19 at 9.)  *See Deaton v. Astrue*, No. 10-461, 2011 WL 4062993 at * 4 n. 2 (S.D. Ohio July 7, 2011)(where ALJ found no evidence to suggest Plaintiff's condition had worsened since prior decision, he adopted those findings).

## D.  Credibility

Finally, Plaintiff contends that the ALJ erred in her credibility assessment of Plaintiff's testimony.  (ECF No. 21 at 7.)  Plaintiff argues that the ALJ failed to properly consider the intensity of her pain, the types of medications that she takes, and her reports that she needs to elevate her leg to ease her lower back pain.  Plaintiff suggests that there are conflicts between the ALJ's finding in this matter and the actual evidence.  *Id.*

The record reflects that the ALJ fully and carefully considered the evidence and found that claimant's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with Plaintiff's RFC assessment.  (Tr. at 14.)  Specifically the ALJ found inconsistencies between the medical records and Plaintiff's statements concerning pain and her need for an assistive device for ambulation.  *Id.*  The ALJ is within bounds to disregard Plaintiff's testimony to the extent it is inconsistent with the objective medical evidence in the record.  *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence.)  The ALJ's responsibility is to "make credibility determinations—and therefore sometimes must make negative determinations—about allegations of pain or other nonexertional disabilities."

*Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985).  The Court declines to substitute its judgment for that of the ALJ in making credibility determinations, and thus finds substantial evidence supports the Commissioner's decision.

## V. CONCLUSION

After a through and careful review of the record, including the briefs from Plaintiff and the Commissioner, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections thereto, the Court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in the instant case.  The Court adopts the Magistrate Judge Report (ECF No. 19) and incorporates it herein by reference.  For the reasons set out above and in the Report and Recommendation, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.


/s/ Mary G. Lewis
United States District Judge


March 17, 2014
Spartanburg, South Carolina